IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JONATHAN PALOZIE, Inmate #11882-014,    )
                                        )
            **Plaintiff,**               )
                                        )
vs.                                     )    CIVIL NO.  04-532-GPM
                                        )
RANDY J. DAVIS, et al.,                 )
                                        )
            **Defendants.**              )

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  Plaintiff previously was granted leave to proceed *in forma pauperis* without payment of an initial partial filing fee.

This case now is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and, thus, subject to summary dismissal.

Plaintiff states that Defendants Davis and Lyle refused to order medical treatment for his "kidney mass" and renal cysts and tumors.  He states that Defendants Lyle, Bakke, Castillo, Walsh, Barger, Mays, and Cross withheld the drugs Lasix and Xanax and instead gave him Tenormin, Loniten, and Hydrochlorohiazide.  Plaintiff states that these medications adversely affect his kidneys, liver, heart, brain, and eyes.  Plaintiff states that Defendants Lyle, Bakke, Castillo, Walsh, Barger, Mays, and Cross all have refused to order treatment for his degenerative joint disease, vascular narrowing, and chronic pain.  In addition, Lyle, Bakke, Castillo, Walsh, Barger, Mays, and Cross have maliciously withheld drug treatment for his anxiety disorder, which untreated, causes him palpitations, chest tightness, shaking, headaches, and difficulty sleeping.  Defendants Davis and Lyle have refused to provide him with proper orthopedic shoes; Davis, Lyle, Bakke, Castillo, Walsh, Barger, Mays, and Cross have withheld his left ankle support; and Davis, Lyle, and Globun have ordered that he be put on a high sodium, low fat, reduced food rations for eight months "as punishment."

*General Considerations*

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994).  This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition."  *Estelle*, 429 U.S. at 106; *see also*

*Jones v. Simek*, 193 F.3d 485, 489 (7ᵗʰ Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7ᵗʰ Cir. 1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S. Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters*, 97 F.3d 987, 991-992 (7ᵗʰ Cir. 1996). However, the Supreme Court has stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health

or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed that the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

## Medical Treatment for Kidney Disorders

Plaintiff states, without detailed explanation, that Defendants Davis and Lyle have refused to order medical treatment for a kidney mass and renal cysts and tumors. The medical records submitted with the complaint indicate that Plaintiff reported "chronic renal failure" and pain from "kidney cysts" to Dr. Lyle. Dr. Lyle ordered blood work to evaluate the condition. Other exhibits indicate that at some time after Dr. Lyle's initial evaluation, Plaintiff refused to go to the medical clinic to see Dr. Lyle or for further testing. These allegations do not describe deliberate indifference to serious medical needs. Although kidney cysts may constitute a serious medical need, Plaintiff has not stated that Defendants were deliberately indifferent to a serious risk of harm.

## Withholding of Medication

Plaintiff states that Defendants Lyle, Bakke, Castillo, Walsh, Barger, Mays, and Cross have participated in withholding from Plaintiff the medications Lasix and Xanax, instead giving him Tenormin, Loniten, and Hydrochlorothiazide, which, according to Plaintiff, adversely affect his kidneys, liver, heart, brain, and eyes. The medical records submitted with the complaint indicate

that Plaintiff asked specifically for Lasix and Xanax, but that the physicians at Marion gave him

Tenormin, Loniten, and Hydrochlorothiazide instead.  These allegations do not describe deliberate

indifference but a disagreement with the medications the physicians at Marion administered to

Plaintiff.  Mere disagreement with a physician's chosen course of an inmate's medical treatment

does not amount to deliberate indifference under the Eighth Amendment.  *See Snipes v. DeTella*, 95

F.3d 586, 591 (7th Cir. 1996).

*Treatment of Degenerative Joint Disease, Vascular Narrowing, and Chronic Pain*

Plaintiff states that Defendants Lyle, Bakke, Castillo, Walsh, Barger, Mays, and Cross all

refused to order treatment for his degenerative joint disease, vascular narrowing, and chronic pain.

A review of the medical records submitted with the complaint indicate that Plaintiff was examined

by an orthopedic specialist in 2003 regarding his arthritic knee, and the specialist determined that

no surgery or other treatment, aside from anti-inflammatory medication, was indicated.  Regarding

"vascular narrowing," the records provided by Plaintiff do not indicate that Plaintiff ever complained

of this condition nor that he was ever diagnosed with this condition.  As such, Plaintiff has not stated

a serious medical need, much less deliberate indifference thereto.

*Denial of Xanax*

Plaintiff states that Defendants Lyle, Bakke, Castillo, Walsh, Barger, Mays, and Cross

maliciously withheld medication for his anxiety disorder, namely, Xanax.  Plaintiff states that the

anxiety disorder causes palpitations, chest tightness, shaking, headaches, and difficulty sleeping.

In the medical records submitted by Plaintiff, Dr. Lyle wrote "no medical reasons are evident to

warrant starting him on his requested benzodiazepine; he is not anxious or panicked." That Dr. Lyle

evaluated Plaintiff's request and made a medical determination that Plaintiff did not need Xanax

belies Plaintiff's assertion that Defendants were deliberately indifferent to his serious medical need. As noted above, disagreement with medical treatment decisions does not amount to deliberate indifference. *See Snipes*, 95 F.3d at 591.

*Orthopedic Shoes*

Plaintiff states that Defendants Davis and Lyle have refused to provide him with orthopedic shoes.  Plaintiff does not elaborate on the claim and the medical records submitted with the complaint do not indicate whether Plaintiff made his request known to medical staff.  Without more, Plaintiff has not stated a serious medical need or deliberate indifference thereto.

*Ankle Support*

Plaintiff states that Defendants Davis, Lyle, Bakke, Castillo, Walsh, Barger, Mays, and Cross withheld from him a left ankle support that helps with his "stroke damage" and vascular narrowing. An exhibit filed with the complaint shows that Plaintiff filed a document entitled "memorandum" with the medical staff in which, among other things, Plaintiff stated his request for an ankle brace. Dr. Lyle signed the memorandum and wrote, "seen and discussed in clinic 12/24/03."  After this initial memorandum, Plaintiff filed a number of complaints with medical staff asking that they comply with the requests for treatment in the initial memorandum.  Dr. Lyle signed each of these follow-up letters, indicating that he had discussed them with Plaintiff.  The exhibits indicate that Dr. Lyle saw Plaintiff and discussed his medical treatment with him frequently.  These allegations do not state a claim of deliberate indifference.

*Improper Diet*

Plaintiff states that Defendants Davis, Lyle, and Globun ordered Plaintiff be served high sodium, low fat, reduced food rations for eight months as punishment.  Plaintiff's exhibits indicate

that he complained about his diet in the memorandum submitted to medical staff.  According to Dr.

Lyle's notation, he discussed the issue with Plaintiff.  This evidence does not indicate deliberate

indifference to a serious medical need.

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this

action is **DISMISSED with prejudice**.  Plaintiff is advised that the dismissal of this action will

count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

All pending motions in the action are **DENIED as moot**.

**IT IS SO ORDERED.**

DATED:  08/24/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge